UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **CHARLENE CRAYON,**<br><br>                              Plaintiff,<br><br>   -vs-<br><br>**CAVALRY PORTFOLIO SERVICES, LLC,**<br><br>                              Defendant. | *Civil Action No.* _____ |

### COMPLAINT & DEMAND FOR JURY TRIAL

#### INTRODUCTION

1. Plaintiff Charlene Crayon brings this action for actual and statutory damages resulting from the Defendant's various violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA"), a law that prohibits debt collectors from using abusive, deceptive, and unfair practices in an attempt to collect a debt.

#### JURISDICTION & VENUE

2. This honorable Court possesses jurisdiction over this matter pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Additionally, venue in this district arises pursuant to 28 U.S.C. §1391(b) since the Defendant transacts business here and the conduct complained of occurred here.

#### PARTIES

4. Plaintiff Charlene Crayon is a natural person residing in the County of Monroe, State of New York, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Cavalry Portfolio Services, LLC (hereinafter "Cavalry" or "CPS") is a foreign limited liability company organized and existing under the laws of the State of Delaware and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Any and all acts of the Defendant hereinafter alleged were performed by Defendant's employees, while under the scope of the Defendant's actual or apparent authority.

7. Any and all references to "Defendant" herein shall include the Defendant and/or an employee or agent of the Defendant.

## FACTUAL ALLEGATIONS

8. That Plaintiff Crayon allegedly incurred and later allegedly defaulted on a personal debt. Said alleged debt will hereinafter be referred to as "the subject debt."

9. The subject debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5), as it allegedly arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

10. That upon information and belief, the subject debt account was thereafter sold, transferred or assigned to LVNV Funding, LLC who employed Defendant CPS to collect payment.

11. That shortly thereafter, Defendant CPS began calling Plaintiff Crayon at her place of employment to collect the subject debt allegedly owed by her husband.

12. That on more than one occasion, Plaintiff Crayon notified Defendant Cavalry that they were calling her place of employment, that such calls were not permitted by her employer and that she wanted the calls to stop.

13. That despite her requests, Defendant Cavalry continued to call and on more than one occasion left messages for Plaintiff with her co-workers, including Plaintiff's co-worker Adriana Harris, indicating that Defendant was a debt collector.

14. That as a result of Defendant's abusive and harassing conduct, Plaintiff Crayon became very upset, extremely embarrassed, worried that her employment would be seriously affected, upset and otherwise suffered from emotional distress.

## CAUSE OF ACTION

15. The aforementioned acts and omissions of the Defendant have violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

16. Defendant violated 15 U.S.C. §1692b(1), 15 U.S.C. §1692b(2) and 15 U.S.C. §1692b(3) by speaking with Plaintiff's co-workers on more than one occasion and informing them that Defendant was a debt collector.

17. Defendant violated 15 U.S.C. §1692c(a)(3) by calling Plaintiff Crayon at her place of employment despite being notified on multiple occasions that such calls were not permitted.

18. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly and continuously causing Plaintiff's telephone to ring with the intent to annoy, abuse and harass her.

19. Defendant violated 15 U.S.C. §1692e and 15 U.S.C. §1692e(5) by using deceptive means in an attempt to collect the subject debt by repeatedly continuing to call Plaintiff at her place of employment despite being notified on multiple occasions that such calls were prohibited.

20. Because of the Defendant's various aforementioned violations of the FDCPA, Plaintiff Crayon became very worried, upset, embarrassed and otherwise suffered from emotional distress.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Crayon respectfully requests that this honorable Court enter judgment against the Defendant for:

(a) Actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

(b) Statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A);

(c) Costs and disbursements of this action, together with reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); *and*

(d) For any and all additional relief as this honorable Court may deem just and proper.

## JURY DEMAND

Please take notice that Plaintiff Crayon demands a trial by jury in this action.

Date: August 24, 2010

/s/Frank J. Borgese, Esq.
Frank J. Borgese, Esq.
Graham Law, P.C.
*Attorneys for the Plaintiff*
1207 Delaware Ave., Suite 202
Buffalo, New York 14209
fborgese@grahamlawpc.com
716.200.1520